## KRAMERS v CHESAPEAKE & OHIO RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5436. Decided Jan 16, 1939

Ragland, Dixon & Murphy, Cincinnati, for appellee.

Galvin & Tracy, Cincinnati, for appellant.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

Plaintiff, appellee here, was a guest rider in an automobile with her husband and two other persons. Her husband was driving. They were going from Middletown, by way of Hamilton, to Richmond, Indiana.

The defendant Railway Company, appellant here, maintained and operated a railroad, which intersected the highway over which the plaintiff was travelling, crossing the highway at approximately right angles. The crossing was an ordinary country crossing, with no special features or unusual danger, although the highway approached the railroad crossing at somewhat of a downgrade.

On the day in question the visibility was low, there being a strong wind, and snow filled the air, making it difficult to see. The parties were unacquainted with the highway and the railroad crossing. When the machine approached the crossing, the driver saw a freight train of the defendant company crossing the roadway. The train was composed of two engines, 43 cars and a caboose. The occupants of the automobile saw the train on the crossing, when they were about forty feet away. The weather conditions had made the road slippery. The driver of the machine applied his brakes, undertook to stop, but due to the slippery condition of the road, the automobile skidded into the freight car, next to the caboose, 42 cars and the engines having passed over the crossing.

The train was over 2000 feet in length. The collision resulted in injuries to the plaintiff.

There were several specifications of neg-posted on the road on the side from which the automobile was approaching.

There were several specifications of negligence in the petition, but at the trial of the case but one charge of negligence was presented, which was the failure of the defendant to sound its whistle at the whistling post some 1320 feet from the crossing. On this question, the evidence was in dispute. Although the major portion of the plaintiff's evidence was negative in character that "they did not hear a whistle", one man, a farmer, some distance away, who was in the house when the storm was raging, did testify he heard the rumble of the train, and it blew no whistle.

Conceding that there was sufficient evidence to go to the jury on the statutory negligent act in the failure to blow the

whistle, did this failure constitute the proximate cause of the injury?

The rule of law applicable to such cases is pronounced in **Reed, Admr v Erie Rd Co, 134 Oh St 31,** as follows:

"* * * where a railroad train is rightfully occupying its track at a highway intersection, the presence of the train is adequate notice to a traveler that the crossing is preempted. Consequently, no additional signs, signals or warnings are required of the railroad company, and negligence cannot be imputed to it by reason of their absence."

Many cases are cited by the Court supporting this rule of law, and the great weight of authority sustains it.

Applying that rule to the instant case, it is clear that there could be no recovery based upon negligence, since not only had the train pre-empted the crossing, but nearly 2000 feet of the train had passed over the crossing.

It is suggested that the Reed case is distinguishable from the case at bar, and that is true because the Reed case involved the questions of signs required by the statute. But the rule of law is pronounced, and seems to have received approval in practically all of the states where the question has arisen, and is applicable to the facts in the instant case.

Were this not the rule and there was a question of whether negligence could be based on the failure to blow the whistle at the whistling post, we would still have the question on that issue as to whether or not failure to blow the whistle was the proximate cause of the accident.

The driver of the car testified and it is not disputed, nor is it qualified in the evidence, that he saw the train on the track, when he was about forty feet away, that he tried to stop his automobile, but due to the slippery condition of the road, he was unable to stop and skidded into the train. Under this statement, how could the failure to blow the whistle 1350 feet away be the proximate cause of the accident.

Moreover, to connect the failure to blow the whistle in the remotest way to the cause of the accident, it would require many inferences:—**First,** under the evidence, that the parties did not hear any whistle, the inference would be that if blown, they would have heard it. It must be remembered that the parties were travelling in an automobile, that the wind was blowing, that it was snowing, and that the windows of the automobile were closed, with the exception of the front window on the driver's side, which he said was open a couple of inches. We start on this inference that the whistle was not blown, because they did not hear it. If the whistle had been blown, we would have to draw the inference that they would have heard it. **Second,** not being acquainted with the highway, would he have known that the whistle was on any train, whose right of way intersected the road over which he was travelling. **Third.** When we consider that the automobile was over 3000 feet from the crossing when the train reached the whistling post, would he have acted any differently than he did, had he heard the whistle. True, the driver's negligence cannot be imputed to the injured guest. But, we are considering the question of negligence charged as the proximate cause of the injury.

Thus we see we have inferences on inferences in order to connect the failure to blow the whistle with the proximate cause of the accident.

The driver of the machine stated the proximate cause of the accident was that he was about forty feet away when he saw the train on the track, that he tried to stop, but due to the slippery condition of the highway he was unable to bring his car to a stop, and skidded into the train.

Under the circumstances, as related, we see no proximate cause connecting the Railway Company with the accident by reason of the failure to blow the whistle.

These latter observations with reference to inferences on inferences would, of course, not be necessary in view of the rule of law as stated above by the Supreme Court of Ohio, but considering that there might be a case where that rule of law would be too broad, we have discussed the question of the effect of the failure to blow the whistle, and it conclusively appears that the only way the failure to blow the whistle could be the proximate cause of the accident would be by placing inference upon inference, which cannot be done under the law.

There being no evidence showing negligence of the defendant Railway Company as the proximate cause of the accident, the motion for an instructed verdict in favor of the defendant should have been granted. Further, under the rule pronounced by the Supreme Court, supra, no recovery can be had in this case.

The judgment of the Court of Common Pleas of Hamilton county is reversed, and judgment entered here in favor of the defendant, appellant.

ROSS, PJ, & MATTHEWS, J, concur.